IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,958-01






EX PARTE JERRY DUANE MARTIN









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

FROM CAUSE NO. 24087 IN THE 278TH JUDICIAL DISTRICT COURT

WALKER COUNTY




 Per Curiam. 


O R D E R



 This is an application for a writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure Article 11.071.

 In December 2009, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Martin v. State, No.
AP-76,317 (Tex. Crim. App. Oct. 31, 2012)(not designated for publication). 

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on June 27, 2012. However, applicant expressed a clear and consistent
desire to waive habeas review. Therefore, on June 14, 2013, the trial court held a hearing to
determine if applicant's decision to waive was made intelligently and voluntarily. In the
hearing, applicant stated that since 2009 he had not wanted to pursue his appellate remedies. 
He stated that he knew that he could not change what he did, but he wanted to give the
victim's family some measure of relief and closure by not pursuing any further appeals and
by having the trial court set his execution date as soon as practicable. Applicant's
explanation was intelligent and articulate, and he stated several times that he was making his
decision voluntarily and without influence from anyone else. The trial court found that
applicant made a knowing, voluntary, uncoerced intelligent decision to end his appeals, and
it recommended that applicant be permitted to end all further habeas actions.

 After reviewing the hearing and the trial court's findings, we agree with the court's
assessment. Accordingly, we dismiss the application filed on applicant's behalf per his
request and hold that all claims raised in that application, as well as any that could have been
raised, are waived.

 IT IS SO ORDERED THIS THE 21ST DAY OF AUGUST, 2013.

Do Not Publish